UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ALBERTO ESPARZA DE LA TORRE,<br><br>Plaintiff,<br><br>v.<br><br>MYLEA EVELYN LOGIN,<br><br>Defendant. | Case No. 24-cv-03797-WHO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 3 |

Pending before the Court is Petitioner Carlos Alberto Esparza de la Torre's Motion for a Temporary Restraining Order ("TRO") enjoining Respondent Mylea Evelyn Login from violating the Hague Convention on the Civil Aspects of International Child Abduction ("Convention"), as implemented by the International Child Abduction Remedies Act ("ICARA"), pending a preliminary injunction hearing. *See* Dkt. No. 3. Esparza de la Torre filed a complaint alleging that Login abducted the child that they share, I.S.E.L., from Mexico and brought the child to California, which he asserts violates custody orders from Mexican courts and accordingly violates the Convention. *See* Dkt. Nos. 1, 3. Through the TRO, Esparza de la Torre seeks an order prohibiting Login from causing or permitting I.S.E.L. to leave the Northern District of California and requiring I.S.E.L. to be placed in his custody for the duration of this case. Dkt. No. 3. The request has been transferred to the Hon. Haywood S. Gilliam, Jr. as General Duty Judge. For the reasons detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

## BACKGROUND

Petitioner seeks the return of his and Respondent's five-year-old daughter, I.S.E.L.[1] *See*

---

[1] Unsolicited, counsel informed the Court through an ex parte email to court staff on July 1, 2024,

1  Dkt. No. 1.  According to Petitioner's Verified Complaint and Petition for Return of Child Under
2  16 Years Old ("Compl.") [Dkt. No. 1], Petitioner and Respondent met and became involved in a
3  romantic relationship sometime in 2016.  Compl. ¶ 4.  Petitioner was a Mexican citizen, but
4  Respondent was a United States citizen who became a permanent Mexican resident at some point
5  before I.S.E.L. was born in 2018.  *Id*.  I.S.E.L. was born in Mexico and was enrolled in school in
6  Mexico.  *Id.*  Petitioner and Respondent allegedly ended their relationship in 2021.  *Id.*  Upon the
7  disillusion of their relationship, Petitioner moved out of the family residence, while Respondent
8  remained in the residence with I.S.E.L.  According to the Complaint, Petitioner and Respondent
9  made an "informal agreement" to co-parent I.S.E.L.  *Id*.  This arrangement apparently dissolved
10 sometime in 2022, when Petitioner became involved in a romantic relationship with someone who
11 was not Respondent, and Respondent allegedly began threatening to take I.S.E.L. to the United
12 States if Petitioner did not end the relationship.  *Id.*  Around this time, the parties involved the
13 Mexican courts.  *Id.*  A judgment was ultimately entered, outlining a plan for joint custody with
14 the Respondent having custody during the weekdays and Petitioner having custody on alternating
15 weekends, and child support to be paid by Petitioner to Respondent.  *Id.*; *see also* Compl. Exs. I,
16 I1.  The Judgment also required written consent from the other parent if either parent sought to
17 take I.S.E.L. out of Mexico.  *Id.*  This arrangement, with some informal modification, allegedly
18 continued for 18 months.  *Id.*

19 On or about August 8, 2023, Respondent allegedly informed Petitioner that she planned to
20 take I.S.E.L. to Cancun, Mexico for "a few days."  *Id.*  Petitioner provided Respondent with
21 I.S.E.L.'s Mexican passport, and Respondent left with I.S.E.L.  When Respondent was
22 nonresponsive to Petitioner's outreach over the course of "a couple of days," Petitioner went to
23 Respondent's home and found signs that she had left with the child.  At that point, Petitioner
24 contacted the Mexican police, prompting an investigation that revealed Respondent had "illegally
25 abducted the child from Mexico to the United States in violation of the Mexican Judgment on
26 August 9, 2023."  *Id.*  The Mexican police issued an arrest warrant for Respondent's arrest, and

28 that Petitioner has arrived in the United States from Mexico and is available to take temporary custody of I.S.E.L.

2

1    Petitioner filed a Hague Convention petition for the return of I.S.E.L. to Mexico with the help of a
2    Mexican attorney.  *See* Compl. Exs. N (arrest warrant), O (petition).  Further investigation
3    revealed that Respondent and I.S.E.L. were living in Chico, California (which, as this Court has
4    noted, is in the Eastern District of California).  Petitioner alleges that he never consented to
5    Respondent removing the child from Mexico to the United States and that he has not had contact
6    with Respondent or with their child since the child was removed from Mexico.  Compl. ¶ 4.
7         In his accompanying TRO motion, Petitioner requests several forms of relief, including:
8    (1) an order prohibiting the removal of I.S.E.L. from this Court's jurisdiction pending a hearing on
9    the merits of the Verified Complaint; (2) an expedited preliminary injunction hearing on the merits
10   of the Verified Complaint; (3) an order placing I.S.E.L. in Petitioner's temporary custody pending
11   that hearing; and (4) issuance of a warrant authorizing the United States Marshals Service to take
12   physical custody of I.S.E.L., and directing that I.S.E.L. and her mother, Respondent, be brought
13   into this Court by a United States Marshal to guarantee their attendance at any hearing.
14        Because when the motion was filed Petitioner had not provided notice to Respondent of
15   the motion or otherwise complied with Federal Rule of Civil Procedure 65, the Court directed
16   (1) Petitioner to serve the motion, its supporting documents, and the Court's order on Respondent;
17   and (2) Respondent to file an expedited response by no later than July 2, 2024, at 5 p.m.  *See* Dkt.
18   No. 12.  Petitioner represents that he attempted to serve Respondent on June 27, 2024, but
19   apparently did not actually do so.  *See* Dkt. Nos. 13 (certificate of service), 14 (declaration of
20   Erica Lee regarding defective service).  Respondent did not file a response by the Court-ordered
21   deadline.
22        Despite the Court's order, there is no evidence in the record that Respondent was properly
23   served or has adequate notice of the pending motion for a TRO.  To the extent Petitioner suggests
24   that Respondent received notice of this action through her state court attorney, *see* Dkt. Nos. 13,
25   16, the attorney indicated that she does not represent Respondent in this action and was not
26   authorized to accept service on Respondent's behalf, Dkt. No. 14.  Although the attorney
27   confirmed that Respondent was not served at her verified address for service or her residence, she
28   does not explain whether and to what extent Respondent is aware of the pending motion.  *See* Dkt.

United States District Court
Northern District of California

3

1  No. 14 at ¶ 7.  Because the Court cannot conclude on the record before it that Respondent has received adequate notice, the Court continues to treat Petitioner's request as a motion for a TRO without written or oral notice.  *See* Fed. R. Civ. P. 65(b)(1).

**DISCUSSION**

A court exercising jurisdiction under ICARA "may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004(a).  That authority extends to issuing a temporary restraining order where the requirements of Federal Rule of Civil Procedure 65(b) are satisfied.

Under Rule 65(b), a party seeking a temporary restraining order must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury if the requested relief is not granted; (3) that a balancing of the hardships weighs in its favor; and (4) that the requested relief will advance the public interest.  *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

Here, Petitioner has demonstrated that an order enjoining Respondent from removing I.S.E.L. from the jurisdiction of this Court is appropriate.  The Court has already issued an order prohibiting Respondent from directly or indirectly removing I.S.E.L. from the Northern District of California.  *See* Dkt. No. 12.  No evidence suggests that Respondent intends to remove I.S.E.L. from this Court's jurisdiction, and this relief is minimally burdensome while maintaining the status quo and ensuring Petitioner's Hague Convention claim and his underlying custody rights may be meaningfully adjudicated.

However, Petitioner has not shown a likelihood of irreparable injury if I.S.E.L. is not immediately placed within his custody pending a preliminary injunction hearing and throughout the duration of this case.  The facts proffered show that Respondent lives in the Northern District of California, where she has at least some family ties.  *See* Compl. ¶ 9.  She has an apartment in Ukiah.  [Dkt. No. 9] ¶¶ 11-14.  She also filed a child custody case in state court in Mendocino County.  *Id.* ¶ 10.  These facts suggest that she is settled in this district.

Nothing in the record supports the conclusion that Respondent intends to flee this Court's

4

jurisdiction so imminently as to necessitate an order immediately removing her child from her custody by force. Petitioner speculates that his inability to serve Respondent indicates her intent to conceal herself and take I.S.E.L. into "hiding." *See* [Dkt. No. 17] 2. But it is apparent from the record that service has not been properly executed as the Court directed, *see* Dkt. Nos. 13, 14, suggesting that Petitioner's inability to serve Respondent may not have been the result of Respondent's intent to obstruct, but rather Petitioner's failure to properly serve her. Moreover, the Court's order requiring Respondent to remain in the Northern District of California with I.S.E.L. adequately ensures that they will continue to be within the Court's jurisdiction for the hearing to be held shortly with regard to the merits. And nothing in the record shows that I.S.E.L. is in any imminent danger while in Respondent's custody.[2]

**CONCLUSION**

Accordingly, the Court ORDERS as follows:

- Petitioner is **DIRECTED** to serve Respondent directly with the Complaint, Ex Parte Application for a TRO and supporting documents, the Order to Show Cause, the Response, the Court's Order Requiring Service, and this Order by 5:00 p.m. PST today, Wednesday, July 3, 2024. Counsel must file a proof of service on the docket reflecting that service was properly made;
- Petitioner's Motion for a Temporary Restraining Order is hereby **GRANTED IN PART** such that Respondent Mylea Evelyn Login is prohibited from directly or indirectly removing I.S.E.L. from the Northern District of California, until July 11, 2024, absent further order of the Court;
- The Court finds that there is no reasonable likelihood of harm to Respondent from being wrongfully enjoined, and therefore orders that Petitioner is not required to give security pursuant to Federal Rule of Civil Procedure 65(c);
- Respondent is **ORDERED** to show cause why the relief requested in the

---

[2] Moreover, nothing in the record suggests that Respondent will not appear as ordered by this Court for a hearing once served, and the Court sees no justification for authorizing the United States Marshals Service to seize I.S.E.L. by force, a course of action that could in itself create a substantial risk of traumatizing a five-year-old.

Verified Complaint and Petition, Dkt. No.1, including the return of the parties' minor child to Mexico, should not be granted. Respondent shall file her response to this Order in writing by July 9, 2024, at 5:00 p.m.;

- The parties shall appear before Judge Orrick on Thursday, July 11, 2024, at 10:00 a.m., in Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA, for a hearing on this Order to Show Cause. At the hearing, the Court will also determine whether any evidentiary hearing or further proceedings may be necessary;
- The Court otherwise **DENIES** Petitioner's motion for a temporary restraining order.

This order issued on July 3, 2024, at 12 p.m.

**IT IS SO ORDERED.**

Dated: July 3, 2024

Haywood S. Gilliam, Jr.
United States District Judge
as General Duty Judge for
Judge William H. Orrick