UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ALBERTO ESPARZA DE LA TORRE,<br><br>    Plaintiff,<br><br>    v.<br><br>MYLEA EVELYN LOGIN,<br><br>    Defendant. | Case No. 24-cv-03797-WHO<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW GRANTING PETITION UNDER THE HAGUE CONVENTION**<br>Re: Dkt. Nos. 1, 4, 36, 37, 38, 41, 45, 48, 70, 76, 86, 89 |

Before the Court is the petition filed by Carlos Alberto Esparza De La Torre ("Esparza" or "Petitioner Esparza") on June 25, 2024, for the return of his minor child I.S.E.L. to Mexico pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("the Hague Convention" or "the Convention"), as implemented by the International Child Abduction Remedies Act ("ICARA"), codified at 22 U.S.C. §§ 9001, *et seq*. Dkt. No. 1 (Petition).[1] He originally sought a temporary restraining order, Dkt. Nos. 1, 3–4, which the Hon. Haywood S. Gilliam, Jr., acting in his capacity as general duty judge, denied in part because Esparza had not shown a likelihood of irreparable injury should I.S.E.L. not be placed within his custody while this case was pending, and granted in part to prohibit her mother, Mylea Evelyn Login ("Login" or

---

[1] Compelling justifications shown, administrative motions to seal at Dkt. Nos. 4, 36, 37, 38, 41, 45, 70, 76, 86, and 89 are GRANTED.

"Respondent Login") from removing I.S.E.L. from the Northern District of California. Order Granting in Part and Denying in Part Motion for Temporary Restraining Order. Dkt. No. 18.[2] A concurrent petition was filed in the Superior Court of Mendocino County on July 10, 2024, where Login had previously requested a Domestic Violence Restraining Order ("DVRO"). Petition, 10–11; Dkt. No. 27 (Request for Judicial Notice of Mendocino District Attorney's State Hague Petition).[3] Esparza subsequently filed a second *ex parte* Application in this court to stay the Superior Court DVRO case. Dkt. No. 48 (Application to Stay DVRO Case).[4] The state court held an evidentiary hearing on September 13, 2024, where it heard arguments concerning the DVRO but did not substantively address the Hague petition. *See generally* Dkt. No. 69 (State Court DVRO Transcript). It denied Login's request for a DVRO. *Id.* at 173. A further hearing is currently scheduled in state court for October 22, 2024. *Id.* at 174–75.

I have held four hearings on this matter and have considered all of the evidence submitted during the pendency of this case, including the evidence submitted in state court on the DVRO petition, transcripts from the underlying state court action, reports from I.S.E.L.'s psychologist and school counselor, as well as the memoranda, arguments, and exhibits provided by the parties in conjunction with the hearings I held on July 11, 2024, August 14, 2024, September 30, 2024, and October 18, 2024.[5] In this order, I issue my findings of fact and conclusions of law, GRANT the Petition for I.S.E.L.'s return to Mexico, and DENY Esparza's *Ex Parte* Application to stay the

---

[2] For additional background on this case, *see* Dkt. No. 18.
[3] Petitioner Esparza requests that the court take judicial notice of documents filed in connection with his state court Hague petition. *See* Dkt. Nos. 27, 36. Respondent Login does not oppose. The request is GRANTED.
[4] Petitioner Esparza requests that the court take judicial notice of documents filed in connection with Respondent's DVRO case. *See* Dkt. No. 48-4. Respondent Login does not oppose. The request is GRANTED.
[5] No authentication of any document submitted in relation to the petition was required to establish admissibility. 22 U.S.C. § 9005. Petitioner Esparza requests that the court take judicial notice of the report of minor's counsel filed in the state court case, dated June 7, 2024. Dkt. Nos. 31, 38. Respondent Login does not oppose. The request is GRANTED.

Mendocino State Court DVRO case as moot.

**FINDINGS OF FACT**

1. Esparza and Login are the parents of minor child I.S.E.L. Dkt. No. 30-2 at 2, Ex. D.[6] I.S.E.L. is a citizen of Mexico. *Id.*

2. Petitioner Esparza is a citizen of Mexico. Dkt. No. 30-1 at 32, Ex. B.

3. Respondent Login is a permanent resident of Mexico. Dkt. No. 30-1 at 35–37, Ex. C.

4. I.S.E.L. was born in 2018, in the city of Puerto Vallarta, state of Jalisco and country of Mexico. Dkt. No. 30-2 at 2–4. She was registered with the Civil Registry of the municipality of Bahia de Banderas in the state of Nayarit and country of Mexico. *Id.* I.S.E.L. resided continuously in Mexico for the first 5 years of her life. Petition at 4–8.

5. Esparza and Login were never married but lived together with I.S.E.L. in a home owned by Esparza's parents in Bucerias, Nayarit, Mexico, from I.S.E.L.'s birth until December 2021. Petition at 4:1-9.

6. After Esparza and Login separated in 2021, Esparza moved back into his parents' home, near the family home where Login and I.S.E.L. continued to reside. Petition at 4:12-16.

7. Esparza continued to spend time with and monetarily provide for I.S.E.L. Petition at 4:17-20, 5:1.

8. On at least one occasion following the separation, Login threatened to permanently take I.S.E.L. to California. Dkt. No. 30-2 at 22–23, Ex. G.

---

[6] Dkt. No. 30 contains attached documents that are incorrectly redacted and allowed the minor child's name to be revealed. The court has sealed this docket from public view. Counsel for Respondent Login is hereby ORDERED to refile the documents currently attached at Dkt. No. 30, correctly redacting all information under seal.

9. Esparza filed a court action in Bucerias, Nayarit, Mexico seeking joint custody of I.S.E.L. and a restraining order to prevent Login from removing I.S.E.L. from Mexico. Dkt. 30-2 at 25–31, Ex. H.

10. On June 2, 2022, the Mexican Court entered a judgment (the "Custody Judgment") wherein the parties were granted joint custody of I.S.E.L. The Custody Judgment provides that Login would care for I.S.E.L. during the weekdays and that Esparza would have custody on alternating weekends, that Esparza was to pay Login weekly child support, and that all costs and care of I.S.E.L. were to be paid by Esparza. Dkt. No. 30-3 at 1–21, Ex. I.

11. The Custody Judgment includes a provision wherein neither party is to take I.S.E.L. outside of the Country of Mexico without the written notarized consent of the other parent. Dkt. No. 30-3 at 18, Ex. I.

12. On July 11, 2023, Esparza obtained the written notarized consent of Login to take I.S.E.L. to California on vacation. Dkt. No. 30-3 at 28–37, Ex. K.

13. Esparza took I.S.E.L. on a trip to California for ten days, from July 19, 2023, through July 28, 2023. Dkt. No. 30-3 at 33, Ex. K.

14. After returning I.S.E.L. to Login following the trip to California, Login informed Esparza that she planned to take I.S.E.L. on a trip to Cancún, Mexico in early August. Petition at 7:10-16. Login asked Esparza for I.S.E.L.'s passport at that time. *Id.* Esparza gave Login I.S.E.L.'s Mexican passport. *Id.*

15. Esparza attempted to see I.S.E.L. in early August of 2023, but was unable to get in touch with Login. Petition at 7:16-17.

16. In September 2023, Esparza went to the Mexican authorities and the Mexican authorities issued an amber alert for I.S.E.L. Dkt. No. 30-4 at 4–11, Exs. M, N.

17. The Mexican authorities issued an arrest warrant against Login after Esparza learned that Login had likely taken I.S.E.L. to the United States to live with family, in breach of the Custody Judgment. Dkt. No. 30-4 at 10, Ex. N; Petition at 9:20–10:18.

18. Esparza did not consent to Login taking I.S.E.L. to live in the United States. Dkt. No. 30-4 at 7–11, Ex. N.

19. Upon arriving in the United States, Login filed a DVRO against Esparza on behalf of her and I.S.E.L. in the Superior Court of Mendocino County. Dkt. No. 28 at 157, Ex. L.

20. On September 13, 2024, the Hon. Patrick Pekin of the Superior Court of Mendocino County denied Login's Request for a DVRO. State Court DVRO Transcript at 173.

21. Judge Pekin entered the following findings, as relevant to this case, which I now adopt after reviewing the evidence presented at and the transcript of the DVRO hearing:

1. The Court found that domestic violence as alleged by Login did not occur.
2. The Court found that Login was represented by a Mexican attorney, went through mediation in Mexico and was not forced into signing the Judgment in Mexico.
3. The Court found that Esparza did not have any influence over the judiciary, the law enforcement and/or government in Mexico.
4. The Court found that Login's allegation that Esparza was withholding I.S.E.L. from Login is not an allegation that the Court can give credence to.
5. The Court found that Login was not in fear because she was at a party, dancing, and hanging out at or near the time Petitioner alleges she was in fear in Mexico.

Dkt. No. 85-1 at 2 (Findings and Order After Hearing).

22. On October 8, 2024, Esparza voluntarily granted a pardon to Login before the Mexican authorities and indicated that he did not wish to continue the abduction investigation. Dkt. No. 78-1 at 2–3. The prosecutor signed the pardon that same day, dismissing the warrant for Login's arrest. Dkt. No. 78-1 at 4–5.

23. Since being removed from Mexico, I.S.E.L. has had no contact or communication with Esparza, her paternal grandparents, family based in Mexico, school friends based in Mexico, church friends based in Mexico, or pets that remain in Mexico. Dkt. No. 76-3 (Family Therapist Report).

5

24. I.S.E.L. has experienced sadness as a result of her parents' separation, her subsequent removal to the United States, and the ongoing separation from her father. *Id.*

25. Login and I.S.E.L. currently live in Ukiah, California. Dkt. No. 30-6 at 29, Ex. S. Login is currently employed at I.S.E.L.'s school of enrollment. Dkt. No. 76-3 at 6.

## CONCLUSIONS OF LAW

This court has jurisdiction over actions brought under the Hague Convention. *See* 22 U.S.C. § 9003(a). The Convention "seeks to secure the prompt return of children wrongfully removed to or retained in any Contracting State, and to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States." *Abbott v. Abbott*, 560 U.S. 1, 8 (2010) (citing ICARA) (internal quotation marks removed). "The Convention provides that a child abducted in violation of 'rights of custody' must be returned to the child's country of habitual residence, unless certain exceptions apply." *Id.* at 5 (citing ICARA).

To establish that a child must be returned to her country of habitual residence, a petitioner must prove by a preponderance of the evidence that the child "was wrongfully removed or retained." 22 U.S.C. § 9003(e)(1)(A). Once established, "a respondent who opposes the return of the child has the burden of establishing" that an exception applies. *Id.* at (2). The Convention considers certain defenses or exceptions that may be raised against a petition for return of a child. Hague Convention, arts. 12, 13. "[N]umerous interpretations of the Convention caution that courts must narrowly interpret the exceptions lest they swallow the rule of return." *Asvesta v. Petrotsas*, 580 F.3d 1000, 1004 (9th Cir. 2009). Even if a respondent establishes a defense, however, it is within the deciding court's discretion to order a child's return to her home country. Hague Convention, art. 18. I conclude that Esparza has met his burden to demonstrate that I.S.E.L. was wrongfully removed from Mexico, and that Login has not met her burden to establish any affirmative defense.

### A. Esparza's Case for Wrongful Removal

Removal is considered "wrongful" as defined by the Convention, where: (1) "it is in breach of rights of custody attributed to a person;" (2) "at the time of removal" a petitioner was "actually exercis[ing]" those rights; and (3) the child in question "was habitually resid[ing] in a Contracting State immediately before any breach of custody." Hague Convention, art. 3, 4. As stated in the factual findings above, Esparza exercised his custodial rights over I.S.E.L. pursuant to the provisions of the Custody Judgment—spending time with her frequently and even taking her on a vacation—until Login removed her to the United States. *See, e.g.*, *Friedrich v. Friedrich*, 78 F.3d 1060, 1065 (Sixth Cir. 1996) (interpreting broadly the concept of a parent's "exercise" of custodial rights). Esparza additionally has custody rights pursuant to the Mexican legal concept of *patria potestas*, which confers upon parents the joint responsibility to care for the child, reside with the child, decide where the child lives, and provide for the child's necessities—including food, education, and development. *See* Dkt. No. 59-2 at 15–18 (Title 8, ch. 1, art. 406 Nayarit Code); Dkt. No. 59-2 at 2–7 (Becerra Decl.).

By the terms of the Custody Judgment, Login was not allowed to remove I.S.E.L. from Mexico without written, notarized, consent from Esparza. Although I find that Esparza was aware of Login's travel plans to Cancún (within the country of Mexico), he was unaware of and would not have approved Login's ultimate intent to bring I.S.E.L. to the United States at that time. Login therefore removed I.S.E.L. in breach of Esparza's custodial rights.

Finally, I.S.E.L. is a "habitual resident" of Mexico, having lived there since the time of her birth. Accordingly, Esparza has demonstrated by a preponderance of the evidence the elements of his case for return of I.S.E.L. to Mexico. Unless Login establishes an affirmative defense, then, I.S.E.L. must be returned to Mexico.

### B. Login's Affirmative Defenses to Return

Before the state court DVRO hearing, Login filed a Response to the Petition, raising two

defenses: (1) that I.S.E.L. is well settled in the United States and (2) that should I.S.E.L. be returned to Mexico, she would be exposed to a "grave risk" of harm because of Esparza's alleged abusive behaviors.  *See* Dkt. No. 42, at 5–12 (Response to Petition).  During the September 30, 2024, federal court hearing, counsel for Login asserted that I.S.E.L. would specifically be at a "grave risk of psychological harm" if I granted the petition.  *See* Dkt. Nos. 74 (Minutes), 77 (Login Supplemental Brief).  I then gave Login the opportunity to present any additional evidence to support these defenses.  While Login did make additional filings, she did not meet her burden to establish an affirmative defense.

### 1. I.S.E.L. is not well settled in the United States.

Article 12 of the Hague Convention provides that

> [w]here a child has been wrongfully removed . . . and, at the date of the commencement of the proceedings before the judicial . . . authority of the Contracting State where the child is, a period of less than one year has elapsed from the date of the wrongful removal or retention, the authority concerned shall order the return of the child forthwith.

Hague Convention, art. 12.  The well settled exception is applicable only if proceedings have commenced "after the expiration of the period of one year" and a respondent can demonstrate by a preponderance of the evidence "that the child is now settled in its new environment." *Id.*; 22 U.S.C. § 9003(e).  Although Login contends that I.S.E.L. is well settled because she "has been enrolled in school in California, routinely attends medical appointments in California, and has extended family of whom she enjoys visiting [in the United States]," Login also admits that I.S.E.L. "was removed from Mexico on August 16, 2023."  Response to Petition at 11–12.  Judicial proceedings in this case commenced on June 25, 2024—within one year of I.S.E.L.'s removal from Mexico.  Because Login has not "show[n] that the petition for return was filed more than a year after the wrongful removal," she cannot "overcome the presumption in favor of return" using the well settled exception.  *In re B. Del C.S.B.*, 559 F.3d 999, 1002 (9th Cir. 2009).

### 2. I.S.E.L. does not face a grave risk of harm were she to be returned to Mexico.

8

Login's principal assertion is that I.S.E.L. faces a grave risk of harm should she be returned to Mexico to live under the care of Esparza. To succeed on this defense, Login must establish by clear and convincing evidence that "there is a grave risk that [I.S.E.L.'s] return would expose [her] to physical or psychological harm or otherwise place the child in an intolerable situation." Hague Convention, art. 13(b); 22 U.S.C. § 9003(e)(2). Login does not meet this burden.

"A respondent parent can establish a grave risk of harm from abuse where the petitioning parent had actually abused, threatened to abuse, or inspired fear in the [child] in question." *Colchester v. Lazaro*, 16 F.4th 712, 717–18 (9th Cir. 2021) (internal quotation marks and citations omitted). Domestic violence may also "establish a grave risk of harm to the child, particularly when it occurs in the presence of the child." *Id.* at 18 (citations omitted).

In her initial Response, Login raises substantially similar arguments to those raised during the DVRO proceedings in state court. *See* Response to Petition at 5–9. In short, she points to (1) Esparza's "dangerous lifestyle" as a gun enthusiast; (2) allegations of domestic violence; (3) an alleged instance preceding the Custody Judgment wherein Esparza prevented Login from picking up I.S.E.L. for one week; and (4) assertions that Esparza and his family are well-connected and powerful individuals able to exert control in the Bahia de Banderas region as evidence that I.S.E.L. would be subject to abusive conditions in Mexico. *Id.* After a bench trial that included testimony of Login and Esparza, Judge Pekin rejected Login's arguments. State Court DVRO Transcript at 168–173. I received the transcript of that hearing and the evidence presented, and I join Judge Pekin's state court findings addressing these arguments. I conclude that Login's allegations lack credibility and, as a result, Login cannot demonstrate by clear and convincing evidence that if I.S.E.L. is returned to Mexico she will be exposed to physical harm by Esparza.

Login also contends that I.S.E.L. will be exposed to psychological harm should she be separated from her mother upon her return to Mexico. Login Supplemental Brief. Login argues

9

that "several courts have considered . . . potential separation from a child's primary care provider as a significant factor in the grave risk of harm analysis." *Id.* at 3:13-14. To support her view, Login cites *Tsarbopoulos v. Tsarbopoulos* and *Miltiadous v. Tetervak*. *Id.* Both are inapposite to the facts presented here.

In *Tsarbopoulos*, the court found that severe verbal, physical, and sexual child and spousal abuse occurred at the hands of the petitioner. 176 F.Supp.2d 1045, 1054 (E.D. Wash. 2001). This abuse included "pinching, punching, and pushing" the respondent, beating her to the point of bruising, and throwing objects at her causing bodily damage. *Id.* at 1050, 1054. Respondent also presented evidence that petitioner physically abused their youngest child by "picking him up by his hair and the seat of his pants and beating him with both of his hands." *Id.* at 1054. Respondent was isolated and limited in her financial resources by petitioner's direct actions. *Id.* at 1050, 1056. Further, a child therapist presented testimony in that case explaining that respondent's daughter "graphically described sexual abuse" at the hands of her father, petitioner.

The court held that the respondent in that case provided clear and convincing evidence that a return to the home country would present a grave risk of physical or psychological harm for the children. *Id.* at 1062. As a part of its analysis, the court opined that separation of the children "from their mother would be an intolerable situation." *Id.* at 1061. The court came to this conclusion in part due to a concern of exacerbating diagnosed psychological disorders, and because the respondent in that case had "no resources which would enable her to live in" the home country, she "lack[ed] language skills, would be quite likely unemployable, ha[d] no place to live," among other factors. *Id.* Here, there is no evidence that I.S.E.L. has been diagnosed with a long-term psychological disorder, and Login has not demonstrated that she would be unable to live in Mexico if she so desired. Login has not presented the court with any evidence that I.S.E.L. would be subject to any type of abuse comparable to that suffered by the children in *Tsarbopoulos*.

*Miltiadous* is equally inapt. There, respondent was consistently physically and

10

psychologically abused by petitioner, "an avid drinker and habitual drug user," who frequently verbally abused and threatened the two children. 686 F.Supp.2d 544, 547 (E.D. Pa. 2010). Respondent received a protective order against petitioner, and sought and received permanent asylum "due to the fear of imminent physical and mental abuse by her husband," petitioner. *Id.*

The *Miltiadous* court likewise relied on one child's diagnosed psychological disorder (Chronic Post Traumatic Stress Disorder), as well as the proven spousal abuse witnessed by the children and the inability of the home country's authorities to protect respondent's custodial rights as a non-legal citizen. 686 F.Supp.2d 544, 553–58 (E.D. Pa. 2010). None of these factors are present in the case before me.

Login presented two reports in support of her argument concerning psychological harm. *See* Dkt. Nos. 76-3 (Family Therapist Report); 76-5, 6 (School Counselor Report). In the first, Licensed Marriage and Family Therapist Ms. Rodriguez reviews I.S.E.L.'s former treatment plan, noting that Login and I.S.E.L. have completed all sessions. Family Therapist Report. The report refers to events informed by what Respondent shared with the therapist—rooted in those facts that Judge Pekin and I have found not to be credible. Even so, that report established that as a result of Login's conduct in removing I.S.E.L. from Mexico, I.S.E.L. has experienced separation anxiety from being apart from her *father*. The School Counselor Report provided by Ms. Stephanie Razo presents generalized concerns related to a child's separation from her primary caregiver. School Counselor Report. Ms. Razo additionally notes that I.S.E.L. "is thriving within her school and community setting," and that Login is to credit for "provid[ing] [I.S.E.L.] with" a successful environment. *Id.*

Separation from a primary caregiver undoubtedly causes some emotional strain for a child in many cases. I cannot conclude that the type of harm Login alleges here rises to the level of psychological harm required by the Hague Convention to disallow the return of a child to her home country. *See, e.g.*, *Whallon v. Lynn*, 230 F.3d 450, 460 (1st Cir. 2000) (holding that

separation from the primary caregiver was "not per se the type of psychological harm contemplated by the narrow exception under article 13(b)"); *Nunez-Escudero v. Tice-Menley*, 58 F.3d 374, 377 (8th Cir. 1995) (same). Moreover, it appears that Login caused I.S.E.L. some emotional distress when she brought her to the United States as she did, and that the likely original cause of any future distress will stem from that initial wrongful conduct by Login. Esparza cannot be blamed for attempting to enforce his legal rights.

I conclude that Login has not established by clear and convincing evidence that returning I.S.E.L. to Mexico would expose her to a grave risk of physical or psychological harm.

## CONCLUSION

For the foregoing reasons, I therefore GRANT Esparza's Petition under the Hague Convention on the Civil Aspect of International Child Abduction for the return of I.S.E.L. At the previously scheduled hearing before the Hon. Patrick Pekin on October 22, 2024, in California Superior Court for Mendocino County, Login shall transfer physical custody of I.S.E.L. to Esparza. The Court requests that I.S.E.L.'s Mexican and United States passports be turned over to Esparza by the Mendocino District Attorney's Office at that time so that Esparza may bring I.S.E.L. back to Mexico.

Any motion for attorney's fees or memorandum of costs shall be filed in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court.

The Clerk is directed to enter judgment in favor of Petitioner Esparza and close the case.

**IT IS SO ORDERED.**

Dated: October 18, 2024



William H. Orrick
United States District Judge